1  Dale K. Galipo, Esq. (Bar No. 144074)
   dalekgalipo@yahoo.com
2  Hang D. Le, Esq. (Bar No. 293450)
   hlee@galipolaw.com
3  LAW OFFICES OF DALE K. GALIPO
   21800 Burbank Boulevard, Suite 310
4  Woodland Hills, California 91367
   Telephone: (818) 347-3333
5  Facsimile: (818) 347-4118

6  Attorneys for *Plaintiffs*

7

8              **UNITED STATES DISTRICT COURT**

               **CENTRAL DISTRICT OF CALIFORNIA**
9

10

11  K.L., a minor by and through his          Case No. 2:18-cv-4910
    guardian *ad litem* NIJAE McGHEE,
12  individually and as successor-in-interest  **COMPLAINT FOR DAMAGES**
    to KENNETH LEWIS JR.; KENNETH
13  LEWIS SR., individually; and              1.  Fourth Amendment—Detention
    BELINDA MILLER, individually;                 and Arrest (42 U.S.C. § 1983)
14                                             2.  Fourth Amendment—Detention
15                            Plaintiffs,          and Arrest (42 U.S.C. § 1983)
                                               3.  Fourth Amendment—Excessive
16         vs.                                     Force (42 U.S.C. § 1983)
                                               4.  Fourth Amendment—Denial of
17  COUNTY OF LOS ANGELES; and                    Medical Care (42 U.S.C. § 1983)
    DOES 1-10, inclusive,                      5.  Substantive Due Process (42
18                                                 U.S.C. § 1983)
                              Defendants.      6.  Municipal Liability—Ratification
19                                                 (42 U.S.C. § 1983)
20                                             7.  Municipal Liability—Inadequate
                                                   Training (42 U.S.C. § 1983)
21                                             8.  Municipal Liability—
22                                                 Unconstitutional Custom, Practice,
                                                   or Policy (42 U.S.C. § 1983)
23                                             9.  False Arrest/False Imprisonment
24                                             10. Battery (Wrongful Death)
25                                             11. Negligence (Wrongful Death)
26                                             12. Violation of Cal. Civil Code § 52.1
27
                                                  **DEMAND FOR JURY TRIAL**
28

                                 -0-
                                              COMPLAINT FOR DAMAGES

1

## **COMPLAINT FOR DAMAGES**

COME NOW, Plaintiffs K.L., individually and as a successor-in-interest to Kenneth Lewis Jr., deceased; Kenneth Lewis Sr., individually; and Belinda Miller, individually, for their Complaint against Defendants County of Los Angeles, and Does 1-10, inclusive, and allege as follows:

## **JURISDICTION AND VENUE**

1.      This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because Plaintiffs assert claims arising under the laws of the United States including 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution.  This Court has supplemental jurisdiction over Plaintiffs' claims arising under state law pursuant to 28 U.S.C. § 1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

2.      Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants reside in this district and all incidents, events, and occurrences giving rise to this action occurred in this district.

## **INTRODUCTION**

3.      This civil rights and state tort action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and state law in connection with the fatal officer-involved shooting of the decedent, Kenneth Lewis Jr., on August 16, 2017.

## **PARTIES**

4.      At all relevant times, Decedent Kenneth Lewis Jr. ("DECEDENT") was an individual residing in the County of Los Angeles, California.

5.      Plaintiff K.L. is a minor individual residing in County of Los Angeles, California, and is the natural born son to DECEDENT.  K.L. sues by and through his natural mother and guardian *ad litem*, NIJAE McGHEE.  K.L. sues both in his individual capacity as the son of DECEDENT and in a representative capacity as a successor-in-interest to DECEDENT pursuant to California Code of Civil Procedure § 377.30.  K.L. seeks survival damages, including pre-death physical and mental pain and suffering, loss of life, and loss of enjoyment of life, and wrongful death damages under federal and state law.

6.      Plaintiff KENNETH LEWIS SR. ("LEWIS SR.") is an individual residing in County of Los Angeles, California, and is the natural father of DECEDENT.  LEWIS SR. sues in his individual capacity as the father of DECEDENT.  LEWIS SR. seeks wrongful death damages.

7.      Plaintiff BELINDA MILLER ("MILLER") is an individual residing in County of Los Angeles, California, and is the natural mother of DECEDENT. MILLER sues in her individual capacity as the mother of DECEDENT.  MILLER seeks wrongful death damages.

8.      At all relevant times, Defendant COUNTY OF LOS ANGELES ("COUNTY") is and was a duly organized public entity, form unknown, existing under the laws of the State of California.  COUNTY is a chartered subdivision of the State of California with the capacity to be sued.  COUNTY is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and agencies, including the County of Los Angeles Sheriff's Department and its agents and employees.  At all relevant times, Defendant COUNTY was responsible for assuring that the actions, omissions, policies, procedures, practices, and customs of the and its employees and agents complied with the laws of the United States and of the State of California.

9.      At all relevant times, COUNTY was the employer of Defendant DOES 1-10.

10.     Defendants DOES 1-5 ("DOE DEPUTIES") are sheriff's deputies for the County of Los Angeles Sheriff's Department.  DOE DEPUTIES were acting under color of law within the course and scope of their duties as deputies for the County of Los Angeles Sheriff's Department.  DOE DEPUTIES were acting with the complete authority and ratification of their principal, Defendant COUNTY.

11.     Defendants DOES 6-8 are supervisory deputies for the County of Los Angeles Sheriff's Department who were acting under color of law within the course and scope of their duties as sheriff's deputies for the County of Los Angeles Sheriff's Department.  DOES 6-8 were acting with the complete authority and ratification of their principal, Defendant COUNTY.

12.     Defendants DOES 9-10 are managerial, supervisorial, and policymaking employees of the County of Los Angeles Sheriff's Department, who were acting under color of law within the course and scope of their duties as managerial, supervisorial, and policymaking employees for the County of Los Angeles Sheriff's Department.  DOES 9-10 were acting with the complete authority and ratification of their principal, Defendant COUNTY.

13.     On information and belief, DOES 1-10 were residents of the County of Los Angeles.

14.     In doing the acts and failing and omitting to act as hereinafter described, Defendant DOE DEPUTIES 1-5 were acting on the implied and actual permission and consent of Defendants DOES 6-10.

15.     In doing the acts and failing and omitting to act as hereinafter described, Defendant DOES 1-10 were acting on the implied and actual permission and consent of the COUNTY.

16.     The true names and capacities, whether individual, corporate, association or otherwise of Defendants DOES 1-10, inclusive, are unknown to Plaintiffs, who otherwise sue these Defendants by such fictitious names.  Plaintiffs will seek leave to amend this complaint to show the true names and capacity of

COMPLAINT FOR DAMAGES

these Defendants when they have been ascertained.  Each of the fictitiously-named Defendants is responsible in some manner for the conduct or liabilities alleged herein.

17.   At all times mentioned herein, each and every defendant was the agent of each and every other defendant and had the legal duty to oversee and supervise the hiring, conduct, and employment of each and every defendant.

18.   All of the acts complained of herein by Plaintiffs against Defendants were done and performed by said Defendants by and through their authorized agents, servants, and/or employees, all of whom at all relevant times herein were acting within the course, purpose, and scope of said agency, service, and/or employment capacity.  Moreover, Defendants and their agents ratified all of the acts complained of herein.

19.   DOES 1-10 are sued in their individual capacity.

20.   Plaintiffs were dependent, to some extent, on DECEDENT for the necessities of life.

21.   On or about January 22, 2018, Plaintiffs filed a comprehensive and timely claim for damages with the County of Los Angeles pursuant to California Government Code § 911.2.

22.   On March 22, 2018, the County denied said claim.

### FACTS COMMON TO ALL CLAIMS FOR RELIEF

23.   Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 22 of this Complaint with the same force and effect as if fully set forth herein.

24.   On August 16, 2017, near the 1300 block of 115th Street in the City of Los Angeles, County of Los Angeles, at approximately 7:15 p.m. on that date, DOE DEPUTIES detained DECEDENT without reasonable suspicion and arrested him without probable cause.  The deputies wrongfully shot 34-year-old DECEDENT,

thereby causing DECEDENT serious physical injury, pain and suffering, loss of life, and loss of enjoyment of life.  On information and belief, DECEDENT had fallen and was on the ground with nothing in either hand at the time he was shot.  The deputies also detained DECEDENT without reasonable suspicion and arrested him without probable cause.  On information and belief, the involved deputies also failed to timely summon medical attention after the shooting.

25.     At all relevant times, DECEDENT posed no immediate threat of death or bodily injury to any person, including to the involved deputies.

26.     DECEDENT suffered at least one gunshot wound.  After the shooting, DECEDENT was transported to a hospital where he was pronounced dead.

27.     The use of deadly force against DECEDENT was excessive and objectively unreasonable under the circumstances, especially because DECEDENT was unarmed and did not pose an immediate threat of death or serious bodily injury to anyone at the time of the shooting.  On the date of the incident, DECEDENT did not physically injure any deputy or any other person.

28.     Upon information and belief, Defendants did not timely summon medical care or permit medical personnel to treat DECEDENT.  The delay of medical care to DECEDENT was a contributing cause of DECEDENT's death.

29.     After the shooting, DOE DEPUTIES detained Plaintiff LEWIS SR. without reasonable suspicion and arrested him without probable cause. DOE DEPUTIES transported Plaintiff LEWIS SR. from the scene to a sheriff's station where he was held in a room for at least three hours before he was questioned by DOE DEPUTIES. After several hours in sheriff's custody, Plaintiff LEWIS SR. was finally informed that his son had passed and was released shortly thereafter.

30.     Plaintiffs were dependent on DECEDENT, to some extent, for the necessities of life.

COMPLAINT FOR DAMAGES

31.     Plaintiff K.L. is DECEDENT's successors-in-interest as defined in Section 377.11 of the California Code of Civil Procedure and succeed to DECEDENT's interest in this action as the natural son of DECEDENT.

## FIRST CLAIM FOR RELIEF

### Fourth Amendment—Detention and Arrest (42 U.S.C. § 1983)

(Plaintiff K.L. against Defendants DOE DEPUTIES)

32.     Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 31 of this Complaint with the same force and effect as if fully set forth herein.

33.     Defendants DOE DEPUTIES detained DECEDENT without reasonable suspicion and arrested him without probable cause.

34.     When Defendants DOE DEPUTIES chased and/or pointed their weapons at DECEDENT, and shot DECEDENT, they violated DECEDENT's right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

35.     The conduct of Defendants DOE DEPUTIES was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to Defendant DOE DEPUTIES.

36.     As a result of their misconduct, Defendants DOE DEPUTIES are liable for DECEDENT's injuries, because they were integral participants in the wrongful detention and arrest.

37.     Plaintiff K.L. brings this claim as successor-in-interest to the DECEDENT, and seeks survival damages, including physical and mental pre-death pain and suffering, loss of life, and loss of enjoyment of life, and wrongful death damages for the violation of DECEDENT's rights. Plaintiffs LEWIS SR. and

1  MILLER bring this claim in their individual capacities and seek wrongful death

2  damages. Plaintiffs also seek attorney's fees under this claim.

3

4  **SECOND CLAIM FOR RELIEF**

5  **Fourth Amendment—Detention and Arrest (42 U.S.C. § 1983)**

6  (Plaintiff LEWIS SR. against Defendants DOE DEPUTIES)

7  38.    Plaintiffs repeat and re-allege each and every allegation in paragraphs 1

8  through 37 of this Complaint with the same force and effect as if fully set forth

9  herein.

10  39.    After the shooting, Defendants DOE DEPUTIES detained LEWIS SR.

11  without reasonable suspicion and arrested him without probable cause.

12  40.    When Defendants DOE DEPUTIES detained LEWIS SR., transported

13  him to a sheriff's station, and kept him there for several hours, they violated LEWIS

14  SR.'s right to be secure in his person against unreasonable searches and seizures as

15  guaranteed to LEWIS SR. under the Fourth Amendment to the United States

16  Constitution and applied to state actors by the Fourteenth Amendment.

17  41.    The conduct of Defendants DOE DEPUTIES was willful, wanton,

18  malicious, and done with reckless disregard for the rights and safety of DECEDENT

19  and therefore warrants the imposition of exemplary and punitive damages as to

20  Defendant DOE DEPUTIES.

21  42.    As a result of their misconduct, Defendants DOE DEPUTIES are liable

22  for LEWIS SR.'s injuries, because they were integral participants in the wrongful

23  detention and arrest.

24  43.    Plaintiff LEWIS SR. brings this claim in his individual capacity and

25  seek compensatory damages. Plaintiff also seeks attorney's fees under this claim.

26  //

27

28

### THIRD CLAIM FOR RELIEF

**Fourth Amendment —Excessive Force (42 U.S.C. § 1983)**

(Plaintiff K.L. against Defendants DOE DEPUTIES)

44.      Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 43 of this Complaint with the same force and effect as if fully set forth herein.

45.      Defendants DOE DEPUTIES used excessive force against DECEDENT when they shot him.  Defendants DOE DEPUTIES' unjustified shooting deprived DECEDENT of his right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

46.      As a result of the foregoing, DECEDENT suffered great physical pain and emotional distress up to the time of his death, loss of enjoyment of life, loss of life, and loss of earning capacity.

47.      As a result of their misconduct, Defendants DOE DEPUTIES are liable for DECEDENT's injuries, either because they were integral participants in the use of excessive force, or because they failed to intervene to prevent these violations.

48.      The conduct of Defendants DOE DEPUTIES was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT, and therefore warrants the imposition of exemplary and punitive damages as to Defendants DOE DEPUTIES.

49.      The shooting was excessive and unreasonable, and DECEDENT posed no immediate threat of death or serious bodily injury at the time of the shooting. Further, Defendants DOE DEPUTIES' shooting and use of force violated their training and standard police officer training.

50.      Plaintiff K.L. brings this claim as successor-in-interest to the DECEDENT, and seeks survival damages, including physical and mental pre-death

pain and suffering, loss of life, and loss of enjoyment of life, and wrongful death damages for the violation of DECEDENT's rights. Plaintiffs LEWIS SR. and MILLER bring this claim in their individual capacities and seek wrongful death damages. Plaintiffs also seek attorney's fees under this claim.

## FOURTH CLAIM FOR RELIEF

### Fourth Amendment —Denial of Medical Care (42 U.S.C. § 1983)

#### (Plaintiff K.L. against Defendants DOE DEPUTIES)

51.     Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 50 of this Complaint with the same force and effect as if fully set forth herein.

52.      The denial of medical care by Defendants DOE DEPUTIES deprived DECEDENT of his right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

53.     As a result of the foregoing, DECEDENT suffered great physical pain and emotional distress up to the time of his death, loss of enjoyment of life, loss of life, and loss of earning capacity.

54.     Defendants DOE DEPUTIES knew that failure to provide timely medical treatment to DECEDENT could result in further significant injury, the unnecessary and wanton infliction of pain, or death, but disregarded that serious medical need, causing DECEDENT great bodily harm and death.

55.     The conduct of Defendants DOE DEPUTIES was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to Defendants DOE DEPUTIES.

56.     As a result of their misconduct, Defendants DOE DEPUTIES are liable for DECEDENT's injuries, either because they were integral participants in the

denial of medical care, or because they failed to intervene to prevent these violations.

57.     Plaintiff K.L. brings this claim as successor-in-interest to the DECEDENT, and seeks survival damages, including physical and mental pre-death pain and suffering, loss of life, and loss of enjoyment of life, and wrongful death damages for the violation of DECEDENT's rights. Plaintiffs LEWIS SR. and MILLER bring this claim in their individual capacities and seek wrongful death damages. Plaintiffs also seek attorney's fees under this claim.

## FIFTH CLAIM FOR RELIEF

### Substantive Due Process (42 U.S.C. § 1983)

(By All Plaintiffs against Defendants DOE DEPUTIES)

58.     Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 57 of this Complaint with the same force and effect as if fully set forth herein.

59.     Plaintiff K.L. had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive him of life, liberty, or property in such a manner as to shock the conscience, including but not limited to unwarranted state interference in Plaintiff K.L.'s familial relationship with his father, DECEDENT.

60.     Plaintiff LEWIS SR. had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive him of life, liberty, or property in such a manner as to shock the conscience, including but not limited to unwarranted state interference in Plaintiff LEWIS SR.'s familial relationship with his son, DECEDENT.

61.     Plaintiff MILLER had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive her of life, liberty, or property in such a manner as to

shock the conscience, including but not limited to unwarranted state interference in Plaintiff MILLER's familial relationship with her son, DECEDENT.

62.     DECEDENT had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive him of life, liberty, or property in such a manner as to shock the conscience.

63.     The aforementioned actions of Defendants DOE DEPUTIES, along with other undiscovered conduct, shock the conscience, in that they acted with deliberate indifference to the constitutional rights of DECEDENT and Plaintiffs, and with purpose to harm unrelated to any legitimate law enforcement objective.

64.     As a direct and proximate result of these actions, DECEDENT experienced pain and suffering and eventually died.  DOE DEPUTIES thus violated the substantive due process rights of Plaintiffs to be free from unwarranted interference with their familial relationships with DECEDENT.

65.     As a direct and proximate cause of the acts of DOE DEPUTIES, Plaintiffs have suffered emotional distress, mental anguish, and pain.  Plaintiffs have also been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.

66.     The conduct of DOE DEPUTIES was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and Plaintiffs and therefore warrants the imposition of exemplary and punitive damages as to Defendants DOE DEPUTIES.

67.     Plaintiff K.L. brings this claim as successor-in-interest to the DECEDENT, and seeks survival damages, including physical and mental pre-death pain and suffering, loss of life, and loss of enjoyment of life, and wrongful death damages for the violation of DECEDENT's rights. Plaintiffs LEWIS SR. and

1  MILLER bring this claim in their individual capacities and seek wrongful death

2  damages. Plaintiffs also seek attorney's fees under this claim.

3

4  ### SIXTH CLAIM FOR RELIEF

5  ### Municipal Liability – Ratification (42 U.S.C. § 1983)

6  (By All Plaintiffs against Defendants COUNTY and DOES 6-10)

7  68.    Plaintiffs repeat and re-allege each and every allegation in paragraphs 1

8  through 67 of this Complaint with the same force and effect as if fully set forth

9  herein.

10  69.    Defendants DOE DEPUTIES acted under color of law.

11  70.    The acts of Defendants DOE DEPUTIES deprived DECEDENT and

12  Plaintiffs of their particular rights under the United States Constitution.

13  71.    Upon information and belief, a final policymaker, acting under color of

14  law, who had final policymaking authority concerning the acts of Defendant DOE

15  DEPUTIES, ratified the individual deputies' acts and the bases for them.  Upon

16  information and belief, the final policymaker knew of and specifically approved of

17  the individual officer defendant's acts.

18  72.    Upon information and belief, a final policymaker has determined (or

19  will determine) that the acts of Defendants DOE DEPUTIES were "within policy."

20  73.    Upon information and belief, a final policymaker has ratified the use of

21  excessive deadly force by their deputies, including finding that use of deadly force

22  acceptable when juries have found the force to be excessive.

23  74.    By reason of the aforementioned acts and omissions, Plaintiffs have

24  suffered loss of the love, companionship, comfort, care, society, training, guidance,

25  and past and future support of DECEDENT.  The aforementioned acts and

26  omissions also caused DECEDENT's pain and suffering, loss of enjoyment of life,

27  and death.

28

COMPLAINT FOR DAMAGES

75.     Accordingly, Defendants COUNTY and DOES 6-10 each are liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

76.     Plaintiff K.L. brings this claim as successor-in-interest to the DECEDENT, and seeks survival damages, including physical and mental pre-death pain and suffering, loss of life, and loss of enjoyment of life, and wrongful death damages for the violation of DECEDENT's rights. Plaintiffs LEWIS SR. and MILLER bring this claim in their individual capacities and seek wrongful death damages. Plaintiffs also seek attorney's fees under this claim.

## SEVENTH CLAIM FOR RELIEF

### Municipal Liability – Failure to Train (42 U.S.C. § 1983)

(By All Plaintiffs against Defendants COUNTY and DOES 6-10)

77.     Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 76 of this Complaint with the same force and effect as if fully set forth herein.

78.     Defendants DOE DEPUTIES acted under color of law.

79.     The acts of Defendants DOE DEPUTIES deprived DECEDENT and Plaintiffs of their particular rights under the United States Constitution.

80.     The training policies of Defendant COUNTY were not adequate to train its deputies to handle the usual and recurring situations with which they must deal.

81.     Defendant COUNTY was deliberately indifferent to the obvious consequences of its failure to train its deputies adequately.

82.     The failure of Defendant COUNTY to provide adequate training caused the deprivation of Plaintiffs' rights by Defendants DOE DEPUTIES; that is, Defendants' failure to train is so closely related to the deprivation of Plaintiffs' rights as to be the moving force that caused the ultimate injury.

83.   On information and belief, COUNTY failed to train DOE DEPUTIES properly and adequately.

84.   By reason of the aforementioned acts and omissions, Plaintiffs have suffered loss of the love, companionship, comfort, care, society, training, guidance, and past and future support of DECEDENT.  The aforementioned acts and omissions also caused DECEDENT's pain and suffering, loss of enjoyment of life, and death.

85.   Accordingly, Defendants COUNTY and DOES 6-10 each are liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

86.   Plaintiff K.L. brings this claim as successor-in-interest to the DECEDENT, and seeks survival damages, including physical and mental pre-death pain and suffering, loss of life, and loss of enjoyment of life, and wrongful death damages for the violation of DECEDENT's rights. Plaintiffs LEWIS SR. and MILLER bring this claim in their individual capacities and seek wrongful death damages. Plaintiffs also seek attorney's fees under this claim.

## EIGHTH CLAIM FOR RELIEF

### Municipal Liability – Unconstitutional Custom or Policy (42 U.S.C. § 1983)

(By All Plaintiffs against Defendants COUNTY and DOES 6-10)

87.   Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 86 of this Complaint with the same force and effect as if fully set forth herein.

88.   Defendants DOE DEPUTIES acted under color of law.

89.   Defendants DOE DEPUTIES acted pursuant to an expressly adopted official policy or a longstanding practice or custom of the Defendant COUNTY.

90.   On information and belief, Defendants DOE DEPUTIES were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with DECEDENT's death.

91.     Defendants COUNTY and DOE DEPUTIES together with other COUNTY policymakers and supervisors, maintained, inter alia, the following unconstitutional customs, practices, and policies:

(a)     Using excessive force, including excessive deadly force;

(b)     Providing inadequate training regarding the use of deadly force;

(c)     Employing and retaining as sheriff's deputies individuals such as Defendants DOE DEPUTIES who Defendant COUNTY at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for using excessive force;

(d)     Inadequately supervising, training, controlling, assigning, and disciplining COUNTY deputies, and other personnel, including Defendants DOE DEPUTIES who Defendant COUNTY knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits;

(e)     Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling misconduct by COUNTY deputies, Defendants DOE DEPUTIES, including failing to require deputies involved in the use of force or misconduct to give statements regarding the incident;

(f)     Failing to adequately discipline COUNTY sheriff's deputies, including Defendants DOE DEPUTIES for the above-referenced categories of misconduct, including "slaps on the wrist," discipline that is so slight as to be out of proportion to the magnitude of the misconduct, and other inadequate discipline that is tantamount to encouraging misconduct;

COMPLAINT FOR DAMAGES

(g)    Announcing that unjustified shootings are "within policy," including shootings that were later determined in court to be unconstitutional;

(h)    Even where shootings are determined in court to be unconstitutional, refusing to discipline, terminate, or retrain the deputies involved;

(i)    Encouraging, accommodating, or facilitating a "blue code of silence," "blue shield," "blue wall," "blue curtain," "blue veil," or simply "code of silence," pursuant to which sheriff's deputies do not report other deputies' errors, misconduct, or crimes. Pursuant to this code of silence, if questioned about an incident of misconduct involving another officer, while following the code, the officer being questioned will claim ignorance of the other officers' wrongdoing.

(j)    Maintaining a policy of inaction and an attitude of indifference towards soaring numbers of police shootings, including by failing to discipline, retrain, investigate, terminate, and recommend officers for criminal prosecution who participate in shootings of unarmed people.

92.    By reason of the aforementioned acts and omissions, Plaintiffs have suffered loss of the love, companionship, comfort, care, society, training, guidance, and past and future support of DECEDENT.  The aforementioned acts and omissions also caused DECEDENT's pain and suffering, loss of enjoyment of life, and death.

93.    Defendants COUNTY and DOES 6-10, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above, these defendants condoned, tolerated and

through actions and inactions thereby ratified such policies.  Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of DECEDENT, Plaintiffs, and other individuals similarly situated.

94. By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, DOES 6-10 acted with intentional, reckless, and callous disregard for the life of DECEDENT and for DECEDENT's and Plaintiffs' constitutional rights.  Furthermore, the policies, practices, and customs implemented, maintained, and still tolerated by Defendants COUNTY and DOES 6-10 were affirmatively linked to and were a significantly influential force behind the injuries of DECEDENT and Plaintiffs.

95. Accordingly, Defendants COUNTY and DOES 6-10 each are liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

96. Plaintiff K.L. brings this claim as successor-in-interest to the DECEDENT, and seeks survival damages, including physical and mental pre-death pain and suffering, loss of life, and loss of enjoyment of life, and wrongful death damages for the violation of DECEDENT's rights. Plaintiffs LEWIS SR. and MILLER bring this claim in their individual capacities and seek wrongful death damages. Plaintiffs also seek attorney's fees under this claim.

## NINTH CLAIM FOR RELIEF

### False Arrest/False Imprisonment

(By Plaintiff K.L. against Defendants COUNTY and DOE DEPUTIES)

97. Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 96 of this Complaint with the same force and effect as if fully set forth herein.

98. Defendants DOE DEPUTIES, while working as officers for the County of Los Angeles Sheriff's Department and acting within the course and scope of their

-17-

duties, intentionally deprived DECEDENT of his freedom of movement by use of force, threats of force, menace, fraud, deceit, and unreasonable duress.  DOE DEPUTIES detained DECEDENT without reasonable suspicion and arrested him without probable cause.

99.    DECEDENT did not knowingly or voluntarily consent.

100.    Defendants DOE DEPUTIES detained DECEDENT for an appreciable amount of time by pursuing DECEDENT and keeping their guns trained on him and making him otherwise feel that he was not free to leave.

101.    The conduct of DOE DEPUTIES was a substantial factor in causing the harm to DECEDENT.

102.    Defendant COUNTY is vicariously liable for the wrongful acts of Defendants DOE DEPUTIES pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

103.    The conduct of DOE DEPUTIES was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of DECEDENT, entitling Plaintiffs to an award of exemplary and punitive damages.

104.    As a result of their misconduct, Defendants DOE DEPUTIES are liable for DECEDENT's injuries, either because they were integral participants in the wrongful detention and arrest, or because they failed to intervene to prevent these violations.

105.    Plaintiff K.L. brings this claim individually and as successor-in-interest to DECEDENT, and seeks survival damages, including pre-death physical and mental pain and suffering, loss of life, and loss of enjoyment of life, and wrongful death damages under this claim.

## NINTH CLAIM FOR RELIEF

### Battery

(Wrongful Death)

(By All Plaintiffs against Defendants COUNTY and DOE DEPUTIES)

106.   Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 105 of this Complaint with the same force and effect as if fully set forth herein.

107.   DOE DEPUTIES, while working as sheriff's deputies for the County of Los Angeles Sheriff's Department, and acting within the course and scope of their duties, intentionally shot DECEDENT multiple times and used unreasonable and excessive force against him.  As a result of the actions of DOE DEPUTIES, DECEDENT suffered severe pain and suffering, loss of enjoyment of life, and ultimately died from his injuries.  DOE DEPUTIES had no legal justification for using force against DECEDENT, and their use of force while carrying out their duties as sheriff's deputies was an unreasonable and nonprivileged use of force.

108.   As a direct and proximate result of the conduct of DOE DEPUTIES as alleged above, DECEDENT sustained injuries and died from his injuries and also lost his earning capacity.  As a direct and proximate result of the conduct of DOE DEPUTIES as alleged above, DECEDENT suffered survival damages pursuant to Code of Civil Procedure Section 377.34.

109.   COUNTY is vicariously liable for the wrongful acts of DOE DEPUTIES 1-5 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

110.   The conduct of DOE DEPUTIES was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiffs and DECEDENT, entitling Plaintiff  K.L. individually and as successor-in-interest to

1 | DECEDENT and Plaintiffs LEWIS SR. and MILLER, individually, to an award of

2 | exemplary and punitive damages.

3 |      111.   Plaintiff K.L. brings this claim as successor-in-interest to the

4 | DECEDENT, and seeks wrongful death damages for the violation of DECEDENT's

5 | rights. Plaintiffs LEWIS SR. and MILLER bring this claim in their individual

6 | capacities and seek wrongful death damages.

7 |

8 | **TENTH CLAIM FOR RELIEF**

9 | **Negligence**

10 | (Wrongful Death)

11 | (By All Plaintiffs against all Defendants)

12 |      112.   Plaintiffs repeat and re-allege each and every allegation in paragraphs 1

13 | through 111 of this Complaint with the same force and effect as if fully set forth

14 | herein.

15 |      113.   Police deputies, including Defendants, have a duty to use reasonable

16 | care to prevent harm or injury to others.  This duty includes using appropriate

17 | tactics, giving appropriate commands, giving warnings, and not using any force

18 | unless necessary, using less than lethal options, and only using deadly force as a last

19 | resort.

20 |      114.   Defendants breached this duty of care.  Upon information and belief,

21 | the actions and inactions of Defendants were negligent and reckless, including but

22 | not limited to:

23 |         (a)   the failure to properly and adequately assess the need to detain,

24 |              arrest, and use force or deadly force against DECEDENT;

25 |         (b)   the negligent tactics and handling of the situation with

26 |              DECEDENT, including pre-shooting negligence;

27 |         (c)   the negligent detention, arrest, and use of force, including deadly

28 |              force, against DECEDENT;

(d)　the failure to provide prompt medical care to DECEDENT;

(e)　the failure to properly train and supervise employees, both professional and non-professional, including DOE DEPUTIES;

(f)　the failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the rights of DECEDENT;

(g)　the negligent handling of evidence and witnesses; and

(h)　the negligent communication of information during the incident.

115.　As a direct and proximate result of Defendants' conduct as alleged above, and other undiscovered negligent conduct, DECEDENT was caused to suffer severe pain and suffering and ultimately died.  Also as a direct and proximate result of Defendants' conduct as alleged above, Plaintiffs suffered emotional distress and mental anguish.  Plaintiffs also have been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.

116.　COUNTY is vicariously liable for the wrongful acts of Defendants DOE DEPUTIES pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

117.　Plaintiff K.L. brings this claim as successor-in-interest to the DECEDENT, and seeks wrongful death damages for the violation of DECEDENT's rights. Plaintiffs LEWIS SR. and MILLER bring this claim in their individual capacities and seek wrongful death damages.

//

//

//

-21-

## **ELEVENTH CLAIM FOR RELIEF**

### **(Violation of Cal. Civil Code § 52.1)**

(By Plaintiff K.L. against all Defendants)

118.   Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 117 of this Complaint with the same force and effect as if fully set forth herein.

119.   California Civil Code, Section 52.1 (the Bane Act), prohibits any person from using violent acts or threatening to commit violent acts in retaliation against another person for exercising that person's constitutional rights.

120.   On information and belief, Defendants DOE DEPUTIES while working for the COUNTY and acting within the course and scope of their duties, intentionally committed acts of violence against DECEDENT, including by shooting him without justification or excuse, by integrally participating and failing to intervene in the above violence, and by denying him necessary medical care.

121.   When Defendants shot DECEDENT, they interfered with his civil rights to be free from unreasonable searches and seizures, to due process, to equal protection of the laws, to medical care, to be free from state actions that shock the conscience, and to life, liberty, and property.

122.   On information and belief, Defendants intentionally and spitefully committed the above acts to discourage DECEDENT from exercising his civil rights, to retaliate against him for invoking such rights, or to prevent him from exercising such rights, which they were fully entitled to enjoy.

123.   On information and belief, DECEDENT reasonably believed and understood that the violent acts committed by Defendants DOE DEPUTIES were intended to discourage him from exercising the above civil rights, to retaliate against him, or invoking such rights, or to prevent him from exercising such rights.

124.    Defendants successfully interfered with the above civil rights of DECEDENT.

COMPLAINT FOR DAMAGES

125.   The conduct of Defendants was a substantial factor in causing DECEDENT's harms, losses, injuries, and damages.

126.   COUNTY is vicariously liable for the wrongful acts of Defendants DOE DEPUTIES pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

127.   Defendants DOES 6-10 are vicariously liable under California law and the doctrine of *respondeat superior*.

128.   The conduct of Defendants was malicious, wanton, oppressive, and accomplished with a conscious disregard for DECEDENT's rights, justifying an award of exemplary and punitive damages as to Defendant DOE DEPUTIES.

129.   Plaintiff K.L. brings this claim as successor-in-interest to DECEDENT and seeks survival damages, including loss of life and loss of enjoyment of life under this claim. Plaintiff also seeks attorney's fees under this claim.

COMPLAINT FOR DAMAGES

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs K.L, Kenneth Lewis Sr., and Belinda Miller request entry of judgment in their favor and against Defendants County of Los Angeles, and Does 1-10, inclusive, as follows:

A.    For compensatory damages in whatever other amount may be proven at trial, including survival damages, which include pre-death pain and suffering, emotional distress, and loss of enjoyment of life, as well as wrongful death damages under federal and state law;

B.    For funeral and burial expenses, and loss of financial support;

C.    For punitive damages against the individual defendants in an amount to be proven at trial;

D.    For statutory damages;

E.    For interest;

F.    For reasonable attorneys' fees, including litigation expenses;

G.    For costs of suit; and

H.    For such further other relief as the Court may deem just, proper, and appropriate.

DATED:  June 1. 2018              LAW OFFICES OF DALE K. GALIPO


By_____/s/Hang D. Le_____
    Dale K. Galipo
    Hang D. Le
    Attorneys for Plaintiffs

-24-

1

### **DEMAND FOR JURY TRIAL**

2        Plaintiffs hereby demand a trial by jury.

3

4    DATED:  June 1. 2018              LAW OFFICES OF DALE K. GALIPO

5

6                                By_____*/s/ Hang D. Le*_____
7                                    Dale K. Galipo
                                     Hang D. le
8                                    Attorneys for Plaintiffs

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28