Dale K. Galipo, Esq. (Bar No. 144074)
dalekgalipo@yahoo.com
Hang D. Le, Esq. (Bar No. 293450)
hlee@galipolaw.com
LAW OFFICES OF DALE K. GALIPO
21800 Burbank Boulevard, Suite 310
Woodland Hills, California 91367
Telephone: (818) 347-3333
Facsimile: (818) 347-4118

Attorneys for *Plaintiffs*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| K.L., a minor by and through his guardian *ad litem* NIJAE McGHEE, individually and as successor-in-interest to KENNETH LEWIS JR.; KENNETH LEWIS SR., individually; and BELINDA MILLER, individually;<br><br>　　　　　Plaintiffs,<br><br>　vs.<br><br>COUNTY OF LOS ANGELES; RYAN ROTHROCK, individually; and DOES 2-10, inclusive,<br><br>　　　　　Defendants. | Case No. 2:18-cv-04910-CBM-SK<br><br>*Hon. Consuelo B. Marshall*<br>*Magistrate Judge Steve Kim*<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' EX PARTE APPLICATION FOR AN ORDER AMENDING THE SCHEDULING CONFERENCE ORDER TO CONTINUE TRIAL AND RELATED DATES**<br><br>[*Declaration of Hang D. Le and Exhibit filed concurrently herewith*] |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs K.L., a minor by and through his guardian *ad litem* Nijae McGhee, Kenneth Lewis, Sr., and Belinda Miller (collectively "Plaintiffs") hereby submit their Opposition to Defendants' Ex Parte Application for an Order Amending the Scheduling Conference Order to Continue Trial and Related Dates ("Defendants Ex Parte Application").

## II. PERTINENT FACTS

On March 15, 2019 at 10:00, the parties' counsel of record appeared before Magistrate Steve Kim for a hearing and Order to Show Cause as to witness Gonzalo Morales' failure appear for two duly noticed depositions. Le Decl. ¶ 2. At the hearing, Mr. Morales indicated that he would not be able to attend his deposition that had been noticed for May 28, 2019 at 10:00 a.m. and requested that his deposition date be moved to June 7, 2019. (*See* Doc. No. 38, 42). On that same day, Plaintiffs personally served a notice of deposition of defendant Deputy Ryan Rothrock for May 28, 2019 at 10:00 a.m., a date and time slot that had opened up due to Mr. Morales' unavailability. Le Decl. ¶ 4. Defense counsel indicated that the noticed deposition could not go forward and that she would offer new dates after she conferred with Deputy Rothrock. Le Decl. ¶ 5. Defense counsel also indicated that she would be agreeable to a stipulation to allow for the depositions of Deputy Rothrock, Gonzalo Morales, and Lafayette Jackson to be taken after the then discovery cut-off of June 1, 2019. *Id.* At the time of this communication, Plaintiffs had not received the deposition notice for Mr. Jackson, which was sent out on May 14, 2019. Le Decl. ¶ 6.

On May 22, 2019, the parties filed a stipulation to continue to fact discovery cut-off to July 1, 2019 for the limited purpose of taking the depositions of defendant Deputy Rothrock, and witnesses Gonzalo Morales and Lafayette Jackson (Doc. No. 43), which was granted on May 23, 2019 (Doc. No. 44). On May 30, 2019,

Plaintiffs' counsel's office sent an e-mail to defense counsel requesting the availability of Deputy Rothrock for a June 17, 2019 deposition. Le Decl. ¶ 7. On June 3, 2019, defense counsel indicated that the only available dates for Deputy Rothrock prior to the fact discovery cut-off were June 27, June 28, and July 1. Le Decl. ¶ 8. Plaintiffs have now noticed Deputy Rothrock's deposition for June 28, 2019 at 2:00 p.m. Le Decl. ¶ 9.

### III.  LEGAL STANDARD

The "opportunities for legitimate ex parte applications are extremely limited." *In re Intermagnetics America, Inc.*, 101 B.R. 191, 193 (C.D. Cal. 1989). Ex parte relief is warranted only when the movant shows two things: (1) the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures, and (2) the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect. *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).

### IV.  DISCUSSION

#### A. Plaintiffs are Not Opposed to a Short Continuance of the Discovery Dates

At the outset, Plaintiffs note that they are not opposed to Defendant's alternative request of a six-week continuance of the fact discovery cut-off and expert disclosures, in order to complete the outstanding depositions. However, Plaintiffs are opposed to a continuance of the trial date and all other pending dates, especially a six-month continuance as requested in Defendants' Ex Parte Application.

#### B. Defendants Will Not Suffer Irreparable Prejudice Absent Ex Parte Relief for a Six Month Trial Continuance

In determining whether Defendants will suffer irreparable prejudice if *ex parte* relief is not granted, the Court must consider the underlying merits of the request, "because if [the underlying request] is meritless, failure to hear it cannot be

1  prejudicial." *Mission Power,* 883 F. Supp. at 492. Here, Defendants contend that
2  good cause exists to grant a six-month continuance of the trial date and all other
3  pending dates because (1) witnesses Gonzalo Morales and Lafayette Jackson have
4  yet to be deposed, (2) defense counsel's calendar is full for the month of June and
5  defense counsel does not have any available dates to meet and prepare Deputy
6  Rothrock for his deposition prior to the fact discovery cut-off of July 1, 2019, and
7  (3) the Sheriff's Department internal investigation and the District Attorney's
8  Justice System Integrity Division ("JSID") report for this incident is still pending.
9  Plaintiffs dispute Defendants' contention that there is good cause to continue the
10 trial date and related dates for six months.
11     The outstanding depositions of two percipient witnesses and defendant Deputy
12 Rothrock do not provide good cause to continue the trial date six months out. The
13 completion of these depositions can be accomplished by a short continuance of the
14 discovery dates and cut-offs. Additionally, although defense counsel indicated in her
15 declaration that her calendar for June is full, she did propose potential dates of
16 availability prior to the fact discovery cut-off for Deputy Rothrock's deposition.
17 Regardless, the problem of defense counsel's unavailability can also be rectified by
18 a short continuance of the discovery dates and cut-offs. Thus, the outstanding
19 depositions of two percipient witnesses and defendant Deputy Rothrock do not
20 provide good cause for a six-month continuance of the trial date and related dates.
21     Importantly, the pending Sheriff's Department internal investigation and the
22 District Attorney's JSID report do not provide good cause for a six-month trial
23 continuance. There is no precedent and no pressing need for the six-month trial
24 continuance Defendants seek. Defendant's argument that without a continuance
25 Deputy Rothrock would be put in a difficult position between deciding whether to
26 answer deposition questions or invoke his Fifth Amendment rights is tantamount to
27 a request for a stay of discovery as it relates to Deputy Rothrock (the implication
28 being Deputy Rothrock should be deposed after the Sheriff's Department internal

investigation and District Attorney's JSID report is complete). However, existing precedence disfavors a stay in cases similar to this one.

Although "there is a strong case in favor of a stay after a grand jury returns a criminal indictment and where there is a large degree of overlap between the facts involved in both" civil and criminal cases, *Roberts v. Brown*, No. 2:13-CV-07461-ODW, 2014 WL 3503094, at *2 (C.D. Cal. July 14, 2014), "the case for staying civil proceedings is a far weaker one when no indictment has been returned, and no Fifth Amendment privilege is threatened," *Federal Savings and Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 903 (9th Cir. 1989). Indeed, "there do not appear to be any cases granting a stay 'in the absence of any hint of criminal proceedings.'" *Grimes v. Knife River Constr.*, Civ. No. S-13-02225 KJM CMK, 2014 WL 1883812, at *2 (E.D. Cal. May 12, 2014) (quoting *KLA-Tencor Corp. v. Murphy*, 717 F. Supp. 2d 895, 902 (N.D. Cal. 2010)).

Here, there is no indictment or criminal case pending in any forum against defendant Deputy Rothrock and there is no indication that criminal charges are likely. While it is true that the Los Angeles County District Attorney's JSID investigated the August 16, 2017 shooting underlying this lawsuit to determine whether a crime was committed by Deputy Rothrock, the JSID is mandated to (and does) investigate *every* police shooting that occurs in the County of Los Angeles for that purpose. *See* Protocol for District Attorney Officer-Involved Shooting Response Program, attached as "**Exhibit 1**" to Le Decl. Defendants have not submitted any evidence showing that any criminal charges against Deputy Rothrock are likely to be brought nor have Defendants offered any statements by any member of the DA's office suggesting that discovery as it relates to Deputy Rothrock should be stayed pending the completion of the JSID report. There is also no evidence that the Los Angeles Sheriff's Department has recommended to the DA's office that Deputy Rothrock be criminally prosecuted. Thus, there is no evidence that denying Defendants' *ex parte* application for a six-month trial continuance will interfere with

Deputy Rothrock's Fifth Amendment rights.

Although Plaintiffs recognize that Deputy Rothrock may be faced with the choice between testifying in this case and asserting his Fifth Amendment privilege against self-incrimination, this possibility alone does not support a six-month trial continuance that is tantamount to a stay of discovery as it relates to Deputy Rothrock. *See Molinaro*, 889 F.2d at 903 (holding that "any burden on Molinaro's Fifth Amendment privilege was negligible" where no related criminal indictments were pending against him); *Keating v. Officer of Thrift Supervision*, 45 F.3d 322, 326 (9th Cir. 1995) ("A defendant has no absolute right not to be force to choose between testifying in a civil matter and asserting his Fifth Amendment privilege.") "Not only is it permissible to conduct a civil proceeding at the same time as a related criminal proceeding, even if that necessitates invocation of the Fifth Amendment privilege, but it is even permissible for the trier of fact to draw adverse inferences from the invocation of the Fifth Amendment in a civil proceeding." *Keating*, 45 F.3d at 326 (citing *Baxter v. Palmigiano*, 425 U.S. 308, 318 (1976)).

## V. **CONCLUSION**

For the foregoing reasons, the Court should deny Defendants' request to amend the Scheduling Conference Order and continue the trial date and related dates by at least six months. Plaintiffs do not oppose Defendants' alternative request for a six week continuance of the fact discovery cut-off date to complete the depositions of Mr. Morales, Mr. Jackson, and Deputy Rothrock, nor do they oppose a continuance of the expert discovery dates to trail the completion of fact discovery by three weeks.

DATED: June 11. 2019          LAW OFFICES OF DALE K. GALIPO

By          */s/ Hang D. Le*
    Dale K. Galipo, Esq.
    Hang D. Le, Esq.
    Attorneys for Plaintiffs